[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14798
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cr-00088-JES-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GURMERCINDO BELTRAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 4, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LAGOA, Circuit Judges.

PER CURIAM:

Gurmercindo Beltran, a federal prisoner serving a sentence of 180 months of imprisonment for two convictions of possession with intent to distribute a "detectable amount" of crack cocaine, 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one conviction of possession of a "detectable amount" of powder cocaine, *id.*, appeals the denial of his motion for a sentence reduction under the First Step Act, of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222, which permits a sentence reduction for a defendant convicted of an offense for which the statutory penalties were modified by the Fair Sentencing Act of 2010. He argues that, although the Fair Sentencing Act did not change the statutory penalties for his offenses, the changes that the Act made to other penalties, 21 U.S.C. § 841(b)(1)(A) and (B), were incorporated by reference in section 841(b)(1)(C), and make him eligible for a reduction. We disagree and affirm.

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). District courts may modify a term of imprisonment only to the extent that a statute permits them to do so. 18 U.S.C. § 3582(c)(1)(B). The First Step Act permits district courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297.

The Fair Sentencing Act, enacted on August 3, 2010, amended federal drug-offense penalties, 21 U.S.C. §§ 841(b)(1) and 960(b), to reduce the sentencing

2

disparity between crack and powder cocaine offenses. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the statutory minimum sentence of ten years from 50 grams to 280 grams and the quantity necessary to trigger the statutory minimum sentence of five years from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1), (2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). But the Fair Sentencing Act made no change to section 841(b)(1)(C), which provides no minimum term of imprisonment for offenses involving quantities of crack cocaine that do not fall within section 841(b)(1)(A) or (B). *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses under the Fair Sentencing Act. *See* First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194. Under section 404(b) of the First Step Act, a district court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The

3

First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a sentence reduction under the First Step Act were denied. 962 F.3d at 1293. We held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in section 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1301. We also interpreted the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" as modifying the term "violation of a Federal criminal statute." *Id.* at 1298; *see* First Step Act § 404(a). And we concluded that "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298.

The district court committed no error in denying Beltran's motion for a sentence reduction. Beltran is ineligible for relief because his convictions were not for a "covered offense" under the First Step Act. His statutory penalties, 21 U.S.C. § 841(b)(1)(C), were not modified by the Fair Sentencing Act of 2010. We affirm.

**AFFIRMED.**

4